IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ALONSO ERIZA GOMEZ, | : | MOTION TO VACATE |
| BOP ID 47827-179, | : | 28 U.S.C. § 2255 |
|    Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:16-CV-2287-WSD-CMS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|    Respondent. | : | 1:15-CR-32-WSD-CMS |

## FINAL REPORT AND RECOMMENDATION

This matter is before the Court on Alonso Eriza Gomez's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [38].[1]  For the following reasons, the undersigned **RECOMMENDS** that Mr. Eriza Gomez's § 2255 motion be **SUMMARILY DISMISSED** and that a Certificate of Appealability be **DENIED**.

In March 2015, Mr. Eriza Gomez entered a non-negotiated plea of guilty to a one-count Indictment charging him with violating 18 U.S.C. § 1326(a)&(b)(2) by illegally re-entering the United States after having

---

[1] Mr. Eriza Gomez's § 2255 motion supersedes his "Motion Relief Under New Rule *Johnson* in the Supreme Court of the United States." *See* [34]; *see also* [37]. Accordingly, the Clerk is **DIRECTED** to remove the flag marking Mr. Eriza Gomez's "Motion Relief Under New Rule *Johnson* in the Supreme Court of the United States" as an open motion.

previously been deported.  *See* [1] & [15-1].  It was undisputed that Mr. Eriza Gomez had twice before been convicted of illegal re-entry into the United States in 2007 and 2012 by United States District Judges sitting in the Southern District of Texas.  *See* [17] at 6-7; *see also* [29] at 11.

The Honorable William S. Duffey, Jr. sentenced Mr. Eriza Gomez to a 57-month term of imprisonment.  *See* [20].  This sentence reflected a 16-level enhancement applied pursuant to U.S.S.G § 2L1.2(b)(1)(A)(i) in light of Mr. Eriza Gomez's felony conviction in Florida in 2006 for trafficking in cocaine.  *See* [29] at 4-10.  Mr. Eriza Gomez unsuccessfully appealed the imposition of the § 2L1.2(b)(1)(A)(i) sentence enhancement and the substantive reasonableness of his sentence to the United States Court of Appeals for the Eleventh Circuit.  *See* [32].

In his § 2255 motion, Mr. Eriza Gomez now seeks vacatur or correction of his sentence on four grounds, stating:  (1) "I am eligible for reduction sentence, pursuant to relief under new rule *Johnson*"; (2) "Seeks new rule *Beckles*"; (3) "The District Court erred in relying upon the case law provide[d] by gov[e]rnment to support the [i]mposition of enha[n]cement"; and (4) "the District Court imposed a substantively unreasonable sentence." [38] at 4-5.  None of these grounds for relief has any merit.

First, the *Johnson* Court held only that the "residual clause" of the Armed Career Criminal Act ("ACCA") is unconstitutionally void for vagueness. *See Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015). The "residual clause" relates only to the ACCA's definition of a "violent felony." The *Johnson* Court did not call into question sentence enhancements based on "serious drug offenses" under the ACCA and expressly stated that it did "not call into question application of the Act to the four enumerated offenses, or the remainder of the [ACCA]'s definition of a violent felony." *Id.* Indeed, the United States Court of Appeals for the Eleventh Circuit has continued to affirm sentence enhancements pursuant U.S.S.G § 2L1.2(b)(1)(A) based on drug convictions in the wake of *Johnson*. *See, e.g., United States v. Arroyo-Gorrostieta*, No. 15-10022, 2016 U.S. App. LEXIS 4134 (11th Cir. Mar. 4, 2016). Because Mr. Eriza Gomez's sentence was enhanced based on his conviction for a felony drug crime in Florida, *Johnson* is inapplicable, and this ground for relief is meritless.

Second, the Supreme Court's grant of certiorari in *Beckles v. United States*, No. 15-8544, 2016 U.S. LEXIS 4142 (June 27, 2016), to consider whether *Johnson* applies retroactively to collateral cases challenging sentences enhanced under U.S.S.G § 4B1.2(a)(2) (defining "crimes of

3

violence") will similarly have no application to Mr. Eriza Gomez's case because *Beckles* will not address sentence enhancements for drug crimes. Thus, Mr. Eriza Gomez's second ground for relief is also meritless.

Third, "[i]t is long settled that a prisoner is procedurally barred from raising arguments in a motion to vacate his sentence that he already raised and that [the circuit court] rejected in his direct appeal. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014). For this reason, Mr. Eriza Gomez's third and fourth grounds for relief—which raise the same two issues he argued on direct appeal—are meritless.

Finally, it is noteworthy that Judge Duffey stated during Mr. Eriza Gomez's sentencing hearing that, having considered all the factors under 18 U.S.C. § 3553, he considered the 57-month term of imprisonment to be "fair and reasonable" and that he would have imposed the same sentence, "even if [he] was wrong about the enhancement." [29] at 20. Thus, even if Mr. Eriza Gomez could demonstrate that vacatur of his sentence was warranted based on *Johnson*, *Beckles*, or any other ground, it is apparent that Judge Duffey would reimpose an identical sentence

For the foregoing reasons, it plainly appears that Mr. Eriza Gomez is not entitled to relief and that his § 2255 motion is therefore subject to

summary dismissal. *See* 28 U.S.C. § 2255, Rule 4(b). It further appears that Mr. Eriza Gomez does not meet the requisite standard for the issuance of a Certificate of Appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (requiring a two-part showing (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," *and* (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"); *see also Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (holding that the *Slack v. McDaniel* standard will be strictly applied prospectively).

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 17th day of August, 2016.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE