IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALONSO ERIZA-GOMEZ, | |
| Movant, | 1:16-cv-2287-WSD |
| v. | 1:15-cr-32-WSD |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Catherine M. Salinas's Final Report and Recommendation [39] ("R&R").  The R&R recommends the Court deny Movant Alonso Eriza-Gomez's  ("Movant") Section 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence [38] ("Section 2255 Motion"). Also before the Court are Movant's Objections to the R&R [41].

**I.   BACKGROUND**

In March 2015, Movant  entered a non-negotiated plea of guilty to a one-count indictment charging him with violating 18 U.S.C. § 1326(a) & (b)(2) by illegally re-entering the United States after having previously been deported.  (See [1] & [15.1]).  It was undisputed that Movant had twice before, in 2007 and 2012, been convicted of illegal re-entry into the United States by United States District

Court Judges sitting in the Southern District of Texas.  (See [17] at 6-7; see also [29] at 11).

The Court sentenced Movant to a 57-month term of imprisonment.  (See [20]).  This sentence reflected a 16-level enhancement applied pursuant to U.S.S.G § 2L1.2(b)(1)(A)(i) in light of Movant's felony conviction in Florida in 2006 for trafficking in cocaine.  (See [29] at 4-10).  Movant unsuccessfully appealed, to the United States Court of Appeals for the Eleventh Circuit, the imposition of the Section 2L1.2(b)(1)(A)(i) sentence enhancement and the substantive reasonableness of his sentence.  (See [32]).

In his Section 2255 Motion, Movant seeks vacatur or correction of his sentence on four grounds:  (1) "I am eligible for reduction sentence, pursuant to relief under new rule Johnson"; (2) "Seeks new rule Beckles"; (3) "The District Court erred in relying upon the case law provide[d] by gov[e]rnment to support the [i]mposition of enha[n]cement"; and (4) "the District Court imposed a substantively unreasonable sentence."  ([38] at 4-5).

On August 18, 2016, the Magistrate Judge issued her R&R.  The Magistrate Judge determined that the Supreme Court in Johnson v. United States, 135 S. Ct. 2551 (2015) did not call into question sentence enhancements pursuant to U.S.S.G § 2L1.2(b)91)(A), and that Johnson therefore does not apply here.  The Magistrate

2

Judge next found that the Supreme Court's grant of certiorari in <u>Beckles v. United States</u>, 136 S. Ct. 2510 (2016) to consider whether <u>Johnson</u> applies retroactively to collateral cases challenging sentences enhanced under U.S.S.G. § 4B1.2(a)(2) also does not apply.  The Magistrate Judge determined that Movant's third and fourth grounds for relief fail because he raised those grounds on appeal and the Eleventh Circuit rejected them.  Accordingly, the Magistrate Judge recommends the Court deny Movant's Section 2255 Motion, and that a certificate of appealability ("COA") be denied.

On September 16, 2016, Movant filed his Objections, renewing his argument that his sentence is unreasonable.

## II.   DISCUSSION

### A.   <u>Legal Standard</u>

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  Where no party has objected to the report and recommendation, the

Court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

  B.  Analysis

As an initial matter, Movant had fourteen days within which to file his Objections to the R&R.  Movant's Objections, filed nearly one month after the Magistrate Judge issued her R&R, are untimely.  Even if the Court considered Movant's Objections, the Objections are meritless.  "It is long settled that a prisoner is procedurally barred from raising arguments in a motion to vacate his sentence that he already raised and that [the Circuit Court] rejected in his direct appeal."  Stoufflet v. United States, 757 F.3d 1236, 1239 (11th Cir. 2014).  On appeal, Movant argued that his sentence is unreasonable, and the Eleventh Circuit rejected his argument.  Movant's Objections renew this rejected argument.  Movant's Objections are overruled.

With respect to the unobjected-to portions of the R&R, the Court conducts its plain error review.  See Slay, 714 F.2d at 1095.  The Magistrate Judge determined that the Supreme Court in Johnson did not call into question sentence enhancements pursuant to U.S.S.G § 2L1.2(b)91)(A).  Movant's sentence was enhanced based on his conviction for a felony drug crime in Florida, and thus Johnson does not apply here.  The Magistrate Judge next found that the Supreme

Court's grant of certiorari in Beckles to consider whether Johnson applies retroactively to collateral cases challenging sentences enhanced under U.S.S.G. § 4B1.2(a)(2) also does not apply here, because the Supreme Court will not address sentence enhancements for drug crimes. Finally, the Magistrate Judge determined that Movant's third and fourth grounds for relief fail because he raised those grounds on appeal and the Eleventh Circuit rejected them. Accordingly, the Magistrate Judge recommends the Court deny Movant's Section 2255 Motion, and that a COA be denied. The Court finds no plain error in these findings and recommendation. See Slay, 714 F.2d at 1095.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Catherine M. Salinas's Final Report and Recommendation [39] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Movant Alonso Eriza-Gomez's Objections to the R&R [41] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Movant'S Section 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence [38] is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED** this 23rd day of February, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE